Ralph A. Stegner v. Commissioner.
Stegner v. Commissioner
Docket No. 53236.
United States Tax Court
T.C. Memo 1955-276; 1955 Tax Ct. Memo LEXIS 60; 14 T.C.M. (CCH) 1081; T.C.M. (RIA) 55276; October 14, 1955
*60 Mortimer A. Leister, C.P.A., and Howard F. Trussel, Esq., for the petitioner. Edward L. Newberger, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined a deficiency in petitioner's income tax of $234.69 in 1950 and $259.14 in 1951. The sole issue is whether sums expended by petitioner for meals and lodging in New Brunswick, New Jersey, may be deducted as "expenses while away from home in the pursuit of a trade or business" under the provisions of section 23(a)(1)(A) of the Internal Revenue Code of 1939. The Commissioner concedes that the first three jobs in 1950 were temporary in nature, and as such the petitioner is entitled to a deduction of $840 for thirty weeks' room and board at $28 per week. At the hearing petitioner abandoned his claim for refund based on transportation expenses. Findings of Fact The stipulation of facts is made a part hereof. Petitioner is a resident of Hazleton, Pennsylvania, where he was born and where he has continuously maintained a home since August, 1923, to the present time. His family in the taxable years consisted of himself, his wife and her parents. *61 He filed his income tax returns for 1950 and 1951 with the then collector of internal revenue for the twelfth district of Pennsylvania. Petitioner's trade or occupation during the taxable years, and both long prior and subsequent thereto, was that of a journeyman plumber, and since 1940 he has been a member of local Union No. 425 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, and petitioner obtained all of his employments in 1950 and 1951 in various jobs through the offices of the business agent of his local union. The primary function of such business agent was to obtain employments for the members of his own union local. The procedure followed by petitioner and other members of his union was that as soon as a member's work terminated, he would communicate with the business agent, and the latter telephoned to other business agents for the purpose of obtaining employment where work was available for such member as quickly as possible. In 1950 and 1951 there were very few jobs available for plumbers in Hazleton, while in New Brunswick, due to a building boom, there was a dire shortage of plumbers. *62 During 1950 and 1951 petitioner did work as a plumber away from his home of Hazleton, as follows: Weeks in
Miles
Dates of
Taxable
from
1950
Employment
Year
Home
9/20/49
1. Employer - Benjamin F. Shaw Co., Wilmington, Delaware
to 2/17//50
14 1/2 weeks)
7
115
4/26/50
2. Employer - Standard Engineering Co., Washington, D.C.
to 9/27//50
(22 weeks)
22
200
10/8/50
3. Employer - Wm. Bornstein & Son, Inc., Wilmington, Dela-
to 10/16/50
ware
(1 week)
1
115
10/17/50
4. Employer - Richardson Engineering Co., New Brunswick,
to 11/5/51
N.J. and vicinity
(55 weeks)
11
105
Total
41
1951
1. Continuation of work in New Brunswick for Richardson
Engineering Co.
44
While working for the Richardson Engineering Co., petitioner did work on buildings of Johnson & Johnson, Rutgers University, Westinghouse Electric, and the Studebaker Corporation. Petitioner's employment by Richardson Engineering Co. was for no definite period, but was more or less on an hour-to-hour or day-to-day basis. While petitioner was working in New Brunswick his wife remained at their home in Hazleton and he returned there for week-ends. While *63 working in New Brunswick petitioner rented by the week the room in which he lodged and for which he paid $8 per week, and in addition thereto he expended $20 per week for meals. Petitioner in his income tax returns for 1950 and 1951 claimed a deduction for board and lodging expenses while away from home in the respective amounts of $1,176 and $1,232. $308 in 1950 and $1,232 in 1951 of the above amounts were incurred while petitioner was working for the Richardson Construction Company in New Brunswick, New Jersey. The Commissioner, in determining the deficiencies, stated in the statutory notice of deficiency as to each year that: "The deduction claimed for expense away from home has been disallowed as a personal expense." Petitioner's home throughout all of 1950 and 1951 was in Hazleton, Pennsylvania, and he had no regular post of duty or place of regular employment elsewhere. He expended for meals and lodging in 1950 and 1951, while away from home in pursuit of his trade or business, all of the amounts claimed in his income tax returns for those years, all of which were ordinary and necessary expenses of his trade. Opinion The petitioner had no regular post of duty or *64 place of regular employment during 1950 and 1951 away from Hazleton which could be called his "home" or which he could be required to regard as his home for the purpose of section 23(a)(1)(A). None of the places at which he had temporary employment during those years was his "home." All of the expenses in question for meals and lodging were unavoidable, reasonable and necessary expenses incurred while away from his "home" in pursuit of his trade. The Commissioner erred. E. G. Leach, 12 T.C. 20. Respondent has conceded that the first three jobs in 1950, in Wilmington, Delaware, and Washington, D.C., were temporary in nature and that expenses there incurred by petitioner for meals and lodging were deductible, but denies the deductibility of such expenses incurred in New Brunswick, New Jersey, on the ground that the employment there was of indefinite duration. The evidence does not sustain respondent's contention. On the contrary it appears therefrom that the nature and character of the work and the employment in New Brunswick was the same as in the other cities. The work at New Brunswick lasted some longer, but the employment there was clearly of a temporary nature. *65 Decision will be entered for the petitioner.